UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a OSF HEALTHCARE SAINT FRANCIS MEDICAL CENTER,<br>    Plaintiff, | ) ) ) ) ) | |
| vs. | ) ) | No. |
| BOARD OF TRUSTEES OF THE PERSONAL ASSISTANT HEALTH FUND FOR THE SEIU HEALTHCARE IL HOME CARE HEALTH PLAN (Exact Name Unknown), | ) ) ) ) | |
| FUND ADMINISTRATOR OF THE PERSONAL ASSISTANT HEALTH FUND FOR THE SEIU HEALTHCARE IL HOME CARE HEALTH PLAN (Exact Name Unknown), | ) ) ) ) | |

**COMPLAINT**

NOW COMES Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a OSF HEALTHCARE SAINT FRANCIS MEDICAL CENTER (hereinafter referred to as "OSF" or "Plaintiff"), by its attorneys, KOTH, GREGORY & NIEMINSKI, P.C., and for its Complaint against Defendant, BOARD OF TRUSTEES OF THE PERSONAL ASSISTANT HEALTH FUND FOR THE SEIU HEALTHCARE IL HOME CARE HEALTH PLAN (Exact Name Unknown) and co-Plan Administrator/Third Party Administrator, FUND ADMINISTRATOR OF THE PERSONAL ASSISTANT HEALTH FUND FOR THE SEIU HEALTHCARE IL HOME CARE HEALTH PLAN, (hereinafter referred to jointly as "Health Plan Administrators" or "Defendants"), states as follows:

**I.      GENERAL ALLEGATIONS**

1. That this action is brought pursuant to 29 U.S.C. § 1132(c)(1)(B).

2. That Plaintiff may recover attorney fees pursuant to 29 U.S.C. §1132(g).

1

3. That this court has jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

4. That Plaintiff is a healthcare provider authorized and licensed to provide medical services within the State of Illinois. That Plaintiff is located in the City of Peoria, Peoria County, Illinois.

5. That the proper venue is the Central District of Illinois pursuant to 28 U.S.C.A. § 1391(b)(2) because a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

6. That on or around January XX, 2017 through January XX, 2017, February XX, 2017 through February XX, 2017, and February XX, 2017 through March XX, 2017 the Plaintiff provided medical services and materials to a patient, T.S., in the City of Peoria, Peoria County, Illinois.

7. That the sum of the medical services provided by Plaintiff to T.S. on the dates stated in Paragraph 6 total $548,448.75. *See the Affidavit of Damages attached hereto as Exhibit A.*

8. That at the time the medical services and supplies were rendered to T.S., T.S. was a member of and/or had health insurance coverage through the Personal Assistant Health Fund for the SEIU Healthcare IL Home Care Health Plan (Exact Name Unknown) (hereafter referred to as the "Health Plan"), an employee medical plan. That Plaintiff never received a copy of the requested Health Plan for these claims from Defendants. Plaintiff does not have a copy of the Health Plan to attach. *See Affidavit attached hereto as Exhibit B and a copy of the patient's insurance card attached hereto as Exhibit C.*

9. That based on information and belief, Defendant, BOARD OF TRUSTEES OF THE PERSONAL ASSISTANT HEALTH FUND FOR THE SEIU HEALTHCARE IL HOME CARE HEALTH PLAN (Exact Name Unknown), is the Health Plan Administrator, and Defendant, FUND ADMINISTRATOR OF THE PERSONAL ASSISTANT HEALTH FUND FOR THE SEIU HEALTHCARE IL HOME CARE HEALTH PLAN (Exact Name Unknown), is the co-Health Plan Administrator/Third Party Administrator, for purposes of administering the Health Plan regarding medical claims.

10. That Plaintiff received the SEIU Healthcare IL Home Care Health Plan – Summary Plan Description For Members Choosing the PPO Option, effective May 2011 (hereafter referred to as "2011 PPO Option Plan") for an account for a different patient not included in this Complaint. *Please see the SEIU Healthcare IL Home Care Health Plan- Summary Plan Description For Members Choosing the PPO Option attached hereto as Exhibit D.*

11. That Plaintiff's belief is based on the following language on page 40 of the SEIU Healthcare IL Home Care Health Plan – Summary Plan Description For Members Choosing the PPO Option:

> "Your Plan is sponsored and administered by a joint labor-management Board of Trustees. The Board is divided equally between Trustees selected by the Union and by Trustees appointed by Employers who contribute to the Fund. The names and addresses of the members of the Board of Trustees and of the Fund Office are shown on page____... The Trustees are assisted in the administration of the Plan by an Administrator (Third-Party Administrator) who is responsible for routine administrative duties and processing claims and benefit payments. The name and address of the Fund Administrator is on page____."

*Please see Page 4 of Exhibit D.*

12. That the Health Plan falls within the definition of "employee benefit plan" set forth in 29 U.S.C. §1002.

3

13. That the Health Plan provides medical coverage for said medical goods and services provided by Plaintiff to T.S. on the dates stated in paragraph 6.

14. That Plaintiff submitted claims to the Health Plan/Health Plan Administrator requesting payment of the medical goods and services provided by Plaintiff to T.S. on the dates stated in Paragraph 6.

15. That the Health Plan has made partial payments directly to OSF for these claims in the combined amount of $44,642.45. *See Exhibit A and Group Exhibit F*.

16. That the Defendants, on behalf of the Health Plan, have denied/refused to pay full health plan benefits on the balances remaining for these claims.

17. That the outstanding balance that remains due and owing from the Health Plan to Plaintiff for these claims totals $503,806.30. *See Exhibit A*.

18. That the Explanations of Benefits fail to meet the requirements of a valid and enforceable denial pursuant to 29 C.F.R. §2560.503-1(g)(1)(i)-(iv). *See Group Exhibit F*.

## II.     STANDING

19. That the term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder. 29 U.S.C. § 1002(8). The term "person" means an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization. 29 U.S.C. § 1002(9).

20. The plain language of 29 U.S.C. § 1002(8) states a person can become a beneficiary via designation by either the participant or by the terms of an employee benefit plan. Thus, if there is a designation by one, the other cannot prevent the designation.

21. That Plaintiff is a designated beneficiary/claimant pursuant to 29 U.S.C. § 1002(8) for each of the following reasons:

    A. The OSF Healthcare System Authorization/Release/Agreement to Pay signed by the patient (*See Group Exhibit E, Section 2*) is a designation by the participant that Plaintiff is a beneficiary,

    B. The OSF Healthcare System Authorization/Release/Agreement to Pay signed by the patient (*See Group Exhibit E, Section 5*) is also an assignment by the participant to OSF of her rights/benefits under the employee health plan,

    C. The Health Plan's direct benefit (direct payment) to Plaintiff is an acknowledgment of the patient/participant's designation of Plaintiff as a beneficiary as well as an acknowledgment of the patient/participant's assignment of benefits to Plaintiff by the Health Plan.

    D. The Health Plan's direct benefit (direct payment) to Plaintiff is a designation by the Health Plan that Plaintiff is a beneficiary (*See Group Exhibit F*),

    E. The Pre-certification, authorization and approval of claims (See Group Exhibit G) by the Health Plan is a designation by the Health Plan that Plaintiff is a beneficiary.

    F. Based on information and belief, the express terms of the Health Plan designate Plaintiff as a beneficiary. *See Exhibit N*.

***Designated Beneficiary by Patient/Participant***

22. That the patient a/k/a participant designated Plaintiff "as a beneficiary and thus a person or corporation who is entitled to benefits under any health plan of which I am a participant.

As a beneficiary, OSF has the right to make a claim for benefits, appeal, receive a copy of the health plan and all documents relating to the benefit determination, receive payment for healthcare services and materials provided by OSF, and take legal action if necessary." *See Section 2 entitled Beneficiary Designation of the OSF Healthcare System Authorization/Release/Agreement to Pay signed by the patient attached hereto as Group Exhibit E.*

23. Section 2 of the OSF Healthcare System Authorization/Release/Agreement to Pay makes Plaintiff a designated beneficiary pursuant to 29 U.S.C. § 1002(8) with standing to file a claim, appeal, sue, and receive requested documents from the Health Plan Administrator. *See Group Exhibit E, Group Exhibit J, Group Exhibit M, and Group Exhibit O.*

### *Assignment of Benefits by Patient/Participant*

24. That the patient also "assign[ed] to OSF all claims and rights to payment under any insurance policy or health plan of which Patient is an insured, participant, or a beneficiary, and authorize[d] my insurer, plan administrator, and/or attorney to release to OSF the applicable insurance policy/health plan and claim adjudication information and/or documents relating to the benefit determination upon written request from OSF. OSF has the right to make a claim for payment/benefits, appeal, receive a copy of the insurance policy/health plan and all documents relating to the claim adjudication/benefit determination, receive payment for healthcare services and materials provided by OSF, and take legal action if necessary." *See Section 5 entitled Assignment of Benefits of the OSF Healthcare System Authorization/ Release/Agreement to Pay attached hereto as Group Exhibit E.*

25. That Plaintiff is a properly assigned and designated beneficiary/claimant of any benefits payable under the Health Plan and is legally entitled to seek payment directly from the Health Plan as well as seek a copy of the governing plan documents and all documentation

6

related to the processing of the claims and benefit determinations from the Health Plan Administrator. *See 29 U.S.C.A. § 1002(8); 29 U.S.C.A. § 1132*.

### *Assignment by the Health Plan*

26. Due to the Health Plan having made partial payments to Plaintiff, the Health Plan has acknowledged and created an assignment. *OSF Healthcare System* v. *Boyd Benefits*, CDIL Case No. 12-1413 (ECF No. 33 at 8). Thus, Plaintiff is also an assignee and Plaintiff also has standing to bring this claim as an assignee. *Id.*

27. That the United States Court of Appeals for the Seventh Circuit has explained that an assignee designated to receive benefits is considered a beneficiary and can sue for unpaid benefits under section 1132(a)(1)(B) and bringing that suit (or an administrative appeal) requires access to information about the plan and its payment calculations. *Griffin* v. *TeamCare*, 2018 U.S. App. LEXIS 33660, *8 (7th Cir. Ill., November 30, 2018). Thus, the Plaintiff has standing to make a claim, appeal, pursue payment, and file suit to obtain the ERISA mandated information and documentation requested. *Id*.

### *Direct Benefits (Payments)*

28. The direct benefits Plaintiff received from the Health Plan also establishes Plaintiff's standing to sue as a beneficiary and as a beneficiary Plaintiff has standing to file a claim, appeal and receive requested documents from the Health Plan Administrator. *See 29 U.S.C. § 1002(8)*. That Plaintiff has received direct benefits under the Health Plan by having received direct payments in the total amount of $44,642.45 from the Health Plan. *See Explanations of Benefits attached hereto as Group Exhibit F*.

29. The Health Plan provides benefits (a/k/a payment) for the medical services the patient/participant received from Plaintiff and acknowledged Plaintiff's beneficiary status as

evidenced by the partial payments made by the Health Plan directly to the Plaintiff for these claims. The United States Court of Appeals for the Seventh Circuit has explained that Plan administrators do not randomly pay benefits to individuals not entitled to them. S*ee Griffin* v. *TeamCare*, 2018 U.S. App. LEXIS 33660, *6 (7th Cir. Ill., November 30, 2018) citing to *Hes*s v. *Hartford Life and Accident Ins. Co.*, 274 F.3d 456, 462 (7th Cir. 2001). Thus, the Plaintiff was entitled to the benefit/payment because Plaintiff is a beneficiary.

30. That this Honorable Court has explained that "it stands by its decision in *OSF Healthcare System* v. *Boyd Benefits*, CDIL Case No. 12-1413 (ECF No. 33 at 7-8) in that pursuant to *Kennedy* "the possibility of direct payment is enough for a federal court's jurisdiction," thus an *actual* payment definitely suffices to enable a federal court to exercise jurisdiction." *OSF Healthcare System* v. *Nestle USA, Inc.*, CDIL Case No. 15-01316 (ECF No. 17 at 8).

31. That Plaintiff is not only a party who is or may become entitled to a benefit under the Health Plan, but has actually received direct benefits under the Health Plan for these claims by having received direct payments from the Health Plan. *See Group Exhibit F*. The payment of direct benefits under the Health Plan for these claims is a designation by the Health Plan that Plaintiff is one who is or may become entitled to a benefit from the Health Plan for these claims. Thus, Plaintiff is a proper beneficiary/claimant of any benefits payable under the Health Plan for these claims and is legally entitled to seek payment directly from the Health Plan as well as seek a copy of the governing health plan documents and all documentation related to the processing of the claims and benefit determinations. *See 29 U.S.C.A. § 1002(8); 29 U.S.C.A. § 1132*.

*Pre-certification, Authorization and Approval*

32. Based on information and belief, HealthLink, Inc., acts on behalf of the Health Plan during the pre-certification process. HealthLink pre-certified, authorized and approved the claims with the dates of service of January XX, 2017 through January XX, 2017 and February XX, 2017 through February XX, 2017. *See Affidavits of Jennifer Landino and Hospital Notes attached hereto as Group Exhibit G.*

33. That HealthLink, Inc.'s pre-certification, approval and authorization for payment of these claims is a representation of the terms of the Health Plan. That by pre-certifying, approving and authorizing these claims, HealthLink, Inc. designated OSF as one who is or may become entitled to a benefit under the Health Plan.

*Express Terms of Health Plan (Based on Information and Belief)*

34. That it is Plaintiff's understanding, based on one page of the Health Plan received from Defendants' attorney, that the Health Plan states "The Fund will treat any document you are asked by a provider to sign to assign your rights as a Plan Participant or to alienate a claim for benefits to a provider, to be only an authorization for direct payment by the Fund to the provider". *Please see letter from Defendants' attorney dated April 12, 2019 enclosing one page of the Health Plan document attached hereto as Exhibit I.*

35. That pursuant to the one page of the Health Plan document provided by Defendants' attorney, the Health Plan's language expressly states that hospitals are entitled to receive payment. Payment is the only benefit a participant can receive in a welfare plan specifically in reference to health care coverage. The Health Plan cannot provide the medical services. Thus, the only benefit the participant can receive is her Health Plan paying the hospital that provided the medical services.

## III. SPECIFIC ALLEGATIONS

36. That Plaintiff requested a status update for these claims from the Health Plan / Plan Administrators via facsimile on March 23, 2017. *Please see Plaintiff's facsimile dated March 23, 2017 attached hereto as Exhibit H.*

37. That Plaintiff received a letter dated August 3, 2017 from the Health Plan / Plan Administrators stating:

> "As you know, OSF Health is an out-of-network provider. Such providers are not entitled to our premium provider relations service. In addition, OSF attorneys, Koth and Gregory have threatened litigation against our Fund, leaving us unable to communicate with OSF except through our attorneys. We will not respond to phone call, phone messages, faxes or letters for the foreseeable future."

*Please see letter dated August 3, 2017 from the Health Plan / Plan Administrators attached hereto as Exhibit I.*

38. That the letter dated August 3, 2017 from the Health Plan / Plan Administrators is completely erroneous and in violation of ERISA and was not from the Board of Trustees.

39. That only Plaintiff itself, and not Koth, Gregory & Nieminski, P.C. nor any other entity, contacted the Health Plan / Plan Administrators with respect to these claims as of August 3, 2017 and to state otherwise is completely false and a statement made in bad faith.

40. That Plaintiff's first appeal in regards to the purported denials and/or refusals to pay the balances or full plan benefits by the Health Plan/Plan Administrators was submitted to the Health Plan / Plan Administrators on October 4, 2017. S*ee Plaintiff's Appeals & Requests for Document dated 10/4/17 attached hereto as Group J.*

41. That Plaintiff's first written requests for a copy of the governing health plan documents and all documentation related to the processing of the claims and benefit determinations were submitted to Defendant on October 4, 2017 (*See Group Exhibit J*),

specifically requesting "a copy of the health plan/insurance policy and all documents relevant to the processing of the claim(s) within 30 days to this office." *See Plaintiff's Appeals & Requests for Documents dated 10/4/17 attached hereto as Group Exhibit J.*

42. That Plaintiff received a letter dated October 24, 2017 from the Health Plan / Plan Administrators stating:

> "As you know, OSF Health is an out-of-network provider. Such providers are not entitled to our premium provider relations service. In addition, OSF attorneys, Koth and Gregory have threatened litigation against our Fund, leaving us unable to communicate with OSF except through our attorneys. We will not respond to phone call, phone messages, faxes or letters for the foreseeable future."

*Please see letter dated October 24, 2017 from the Health Plan / Plan Administrators attached hereto as Exhibit K.*

43. That the letter dated October 24, 2017 from the Health Plan / Plan Administrators is completely erroneous and in violation of ERISA and was not from the Board of Trustees.

44. That only Plaintiff itself, not Koth, Gregory & Nieminski, P.C. nor any other entity, contacted the Health Plan / Plan Administrators with respect to these claims as of October 24, 2017 and to state otherwise is completely false and a statement made in bad faith.

45. That Plaintiff submitted an e-mail to the Health Plan/ Plan Administrators on November 28, 2017 requesting a status update as to the appeals it filed with the Health Plan/Plan Administrator on October 4, 2017.  *See Group Exhibit L.*

46. That Plaintiff never received a substantive written response to its appeals dated October 4, 2017 or a copy of the requested documents.

47. That Plaintiff received an e-mail from the Health Plan / Plan Administrator on December 18, 2017 attaching a letter from the Health Plan /Plan Administrators which states:

> "As you know, OSF Health is an out-of-network provider. Such providers are not entitled to our premium provider relations service. In addition, OSF attorneys,

>Koth and Gregory have threatened litigation against our Fund, leaving us unable to communicate with OSF except through our attorneys.  We will not respond to phone call, phone messages, faxes or letters for the foreseeable future."

*See Group Exhibit L.*

48.    That the letter from the Health Plan / Plan Administrators attached to the December 18, 2017 e-mail from the Health Plan / Plan Administrator is completely erroneous and in violation of ERISA.

49.    That only Plaintiff itself, not Koth, Gregory & Nieminski, P.C. nor any other entity, contacted the Health Plan / Plan Administrators with respect to these claims as of December 18, 2017 and to state otherwise is completely false and a statement made in bad faith.

50.    That Plaintiff via legal counsel, Koth, Gregory & Nieminski, P.C., submitted another appeal in regards to the purported denials and/or refusals to pay the balances or full plan benefits by the Health Plan/Plan Administrators to the Health Plan / Plan Administrators on February 14, 2019. *See Exhibit M*.

51.    That Plaintiff specifically requested from Defendants in Plaintiff's Continued Appeal and Request for Documents dated February 14, 2019 the following information/ documentation:

>(1) the Plan, the Summary Plan Description, the Declaration Page, the Schedule of Benefits, the Certificate of Coverage, and all Plan Documents applicable for the above referenced claims, (2) the full administrative record for the above referenced claims, (3) all correspondence--written and oral (if oral, all notes, logs, & data entry) in regards to the above referenced claims, (4) all data reflecting oral communication between the patient, participant, beneficiary, hospital or other interested party with the plan administrator, third-party claims administrator, or agent for the plan administrator and/or third-party claims administrator in regards to the above referenced claims, (5) all reports used to support the purported adverse benefit determination of the above referenced claims, (6) all documents/data/evidence used to support the purported adverse benefit determinations, (7) all equation(s)/ formula(s) /methodologies used to support the purported adverse benefit determinations, (8) the names and credentials/qualifications of all experts or

12

> individuals processing, handling or reviewing these accounts and/or implementing the equation(s)/formula(s)/ methodologies to the above referenced claims, (9) the name(s), title(s), and contact information of the person(s) who made these purported benefit determinations and the basis for the purported benefit determinations, and (10) the name(s), title(s), and contact information of the person(s) in charge of these claims.

*See Plaintiff's Continued Appeal and Request for Documents dated 2/14/19 attached hereto as Exhibit M.*

52. That, to date, Plaintiff has yet to receive a substantive written response to its appeals or a copy of the documents that Plaintiff has requested. Rather, Plaintiff received the attached misguided and erroneous letter from Defendants' counsel dated April 12, 2019. *See letter from Defendants' counsel dated April 12, 2019 attached hereto as Exhibit N.*

53. That Plaintiff's counsel submitted the attached letter dated June 7, 2019 to Defendants' counsel in response to the letter dated April 12, 2019 from Defendants' counsel. *See letter from Plaintiff's counsel dated June 7, 2019 attached hereto as Exhibit O.*

54. Defendants have failed to provide meaningful access to review procedures for these claims by failing to provide a copy of the requested Health Plan documents and the documentation related to the processing of the claims and benefit determinations. *See Group Exhibit J, Exhibit M, and Exhibit O.*

55. That this Honorable Court has explained that "we must remember, however, the purpose of the regulations: to afford the beneficiary and the courts a sufficiently precise understanding of the ground for the denial to permit a realistic possibility of review, even under a deferential standard. Given a plan's non-compliance with the regulations, it is hardly our responsibility to scour the record in an effort to justify the plan's decision." *Halpin* v. *W.W. Grainger, Inc.*, 962 F.2d 685, 694 (7th Circuit, 1992).

56. That this Honorable Court has reiterated that "the persistent core requirements of review intended to be full and fair include knowing what evidence the decision-maker relied upon, having an opportunity to address the accuracy and reliability of that evidence, and having the decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision." *See Halpin* v. *W.W. Grainger, Inc.*, 962 F.2d 685, 689 (7th Cir. 1992).

57. That this Honorable Court has explained that the content requirement of 29 C.F.R. §2560.503-1(g)(1)(i)-(ii) ensures that a full and fair review is conducted by the administrator, enables the claimant to prepare adequately for appeal to the federal courts or further administrative review, and makes it possible for the courts to perform the task, entrusted to them by ERISA, of reviewing that denial. This Honorable Court has further explained that vague and formulaic recitations do not identify the evidence considered by the administrator and the weight assigned, nor do they provide a sufficiently clear picture of the reasoning underlying the administrator's decision to deny benefits. *See OSF Healthcare System* v. *Contech Construction Products Inc. Group Comprehensive Health Care*, Case No. 13 cv 01554; *Halpin* v. *W.W. Grainger, Inc.*, 962 F.2d 685, 693-694 (7th Cir. 1992).

58. That the purported reason stated in the Explanations of Benefits is a vague and formulaic recitation. That the Explanations of Benefits do not indicate that a full and fair review was conducted by the Health Plan Administrators, do not enable Plaintiff to prepare adequately for appeal to the federal courts or further administrative review, and make it impossible for the courts to perform the task, entrusted to them by ERISA, of reviewing the adverse benefit determinations. S*ee Group Exhibit F, Group Exhibit J, Exhibit M, and Exhibit O.*

59. That the Explanations of Benefits just state that "This plan states the approved amounts for out-of-network claims will be based on the Medicare fee schedule". *See Group Exhibit F*.

60. That Defendants simply do not have valid and enforceable denials for these claims pursuant to the requirements of ERISA. *See Group Exhibit F, Group Exhibit J, Exhibit M, and Exhibit O*.

61. That, to date, Defendants have in bad faith and arbitrarily and capriciously refused to provide Plaintiff with a copy of the Health Plan and other documents related to the processing of these claims and benefit determinations despite Plaintiff's written requests. *See Exhibit I, Exhibit K, Group Exhibit L, and Exhibit N*.

62. That despite being made aware of the law regarding this issue, Defendants and counsel, on behalf of Defendants, refuse to acknowledge Plaintiff's rights as a beneficiary under the Health Plan and to date Plaintiff has yet to receive a substantive written response to its claims for additional benefits, a copy of the Health Plan, or the documents related to the processing of the claims and benefit determinations as requested in Plaintiff's appeal letters. S*ee Exhibit I, Exhibit K, Group Exhibit L, and Exhibit N*.

63. That Plaintiff has made every reasonable good faith attempt to acquire the Health Plan and the documentation related to the processing of the claims and benefit determinations from Defendants, but Defendants have failed to provide said documents to Plaintiff.

64. That Defendants have a duty to comply with requests from Plaintiff for the Health Plan and documentation related to the processing of the claims and benefit determinations. *See 29 U.S.C.A. § 1002(8); 29 U.S.C.A. § 1132; 29 U.S. Code § 1021; 29 U.S.C.A § 1024*.

65. That Defendants are also required to discharge its' duties solely in the interest of the participants and beneficiaries and for the purpose of defraying administrative costs. *See 29 U.S.C. § 1104(a)(1)(A).*

66. That pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1, any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $110 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

67. That Plaintiff may recover statutory damages up to $110 per day pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1 for Defendants' failure as plan administrators to provide a copy of the Health Plan and the documentation related to the processing of the claims and benefit determinations as requested in Plaintiff's letters attached hereto as Group Exhibit J and Exhibit M.

68. That Defendants, individually as the Plan Administrators, have the responsibility to produce the Health Plan documents and all documentation related to the processing of the claims and benefit determinations to Plaintiff, and Defendants, individually as the Plan Administrators, are personally financially liable to Plaintiff for the failure or refusal to do so.  29 U.S.C. § 1132 (c)(1)(B); 29 C.F.R. 2575.502c-1.

69. That thirty (30) days from October 4, 2017, the date of Plaintiff's initial request for Defendants to provide a copy of the plan and documentation related to the processing of the

claims and benefit determinations, is November 4, 2017. That Plaintiff may recover statutory damages up to $110 a day from November 4, 2017 pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1 for Defendants' failure as plan administrator to provide a copy of the health plan and documentation related to the processing of the claims and benefit determinations as requested in Plaintiff's letters.

WHEREFORE, Plaintiff, OSF HEALTHCARE SYSTEM an Illinois not for profit corporation d/b/a OSF HEALTHCARE SYSTEM SAINT FRANCIS MEDICAL CENTER, prays for judgment against Defendants, BOARD OF TRUSTEES OF THE PERSONAL ASSISTANT HEALTH FUND FOR THE SEIU HEALTHCARE IL HOME CARE HEALTH PLAN (Exact Name Unknown) and FUND ADMINISTRATOR OF THE PERSONAL ASSISTANT HEALTH FUND FOR THE SEIU HEALTHCARE IL HOME CARE HEALTH PLAN (Exact Name Unknown), in which Defendants, BOARD OF TRUSTEES OF THE PERSONAL ASSISTANT HEALTH FUND FOR THE SEIU HEALTHCARE IL HOME CARE HEALTH PLAN (Exact Name Unknown) and FUND ADMINISTRATOR OF THE PERSONAL ASSISTANT HEALTH FUND FOR THE SEIU HEALTHCARE IL HOME CARE HEALTH PLAN, must provide to Plaintiff a copy of all Health Plan documents and all documentation related to the processing of the claims and benefit determinations, statutory damages as assessed by the Court pursuant to 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. 2575.502c-1, plus court costs and attorney fees, and such other relief as this Honorable Court deems proper.

OSF HEALTHCARE SYSTEM, an Illinois not for profit corporation d/b/a OSF HEALTHCARE SAINT FRANCIS MEDICAL CENTER,
Plaintiff,

By: s/ Kristin L. Nieminski
Dustin N. Koth
Douglas N. Koth
William L. Gregory
Kristin L. Nieminski
Attorneys for Plaintiff
Koth, Gregory & Nieminski, P.C.
420 N. Main Street
Bloomington, IL  61701
(309) 828-5090
(309) 828-3806 *fax*
legal@kothandgregory.com